UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-1282-MLP <br><br> ORDER |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by failing to admit into the record a neuropsychological evaluation. (Dkt. # 19.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

ORDER - 1

ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### III.    DISCUSSION

Plaintiff argues the ALJ erred by failing to admit into the record and consider a May 2016 neuropsychological evaluation authored by John Ernst, Ph.D. (Dkt. # 19 at 1; *see* dkt. # 19-1.) The ALJ declined to admit and consider the report – referred to as a "medical evidentiary record falling under the periods covered by prior applications" – on the ground "it is not material to the issues[.]" AR at 16.[1] Linking the report to "the periods covered by prior applications," the ALJ

---

[1] The Commissioner argues the admission of the report is barred under the doctrine of res judicata. (Dkt. # 20 at 2.) However, the ALJ did not invoke this doctrine. The Court thus rejects this post hoc rationalization. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (cleaned up). In the alternative, the Commissioner argues the ALJ's refusal to admit the report amounts to harmless error. (Dkt. # 20 at 2-7.) The Court cannot make that determination. Because the report is not in the record, the Court is unable to assess the report's substance in the context of the ALJ's decision in the first instance on appeal. *See* 42 U.S.C. § 405(g) (cabining judicial review to the "pleadings and transcript of the record").

appears to have defined relevance strictly in terms of proximity to the alleged onset date. Indeed, during the hearing, the ALJ said of the report: "It's not material to the issues before me. How is it material? It's – it's more than a year prior to the application date." *Id.* at 40.

This was error. While the Ninth Circuit has held that "[m]edical opinions that predate the alleged onset of disability are of limited relevance," it has clarified that such limited relevance is particularly true "where disability is allegedly caused by a discrete event." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *see, e.g.*, *Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012) (concluding that ALJ erred in failing to consider medical opinions from up to six years predating plaintiff's alleged onset date). As at least one other court has observed: "while the date of the opinion may be one factor the ALJ can consider in giving an opinion more or less weight, a medical opinion is not insignificant or not probative merely because it is rendered prior to an alleged onset date, particularly in cases where the claimant suffers from an ongoing impairment." *Henderson v. Comm'r of Soc. Sec. Admin.*, 2018 WL 2102401, at *9 (D. Or. May 4, 2018).

Here, Plaintiff alleges ongoing mental impairments, and the limitations addressed in Dr. Ernst's report do not pertain to a discrete event. It is reasonable to expect that IQ testing and neurocognitive testing generally would remain relevant into the adjudicated period, as cognitive impairments are unlikely to fluctuate in such a short span of time. *See, e.g.*, *Talavera v. Astrue*, 697 F.3d 145, 152 (2d Cir. 2012) ("[A]bsent evidence of sudden trauma that can cause retardation, the [SSI claimant's adult] IQ tests create a rebuttable presumption of a fairly constant IQ throughout her life."); *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001) (presuming a person's IQ remain stable over time in the absence of any change in intellectual functioning); *Luckey v. U.S. Dep. of Health & Human Srvs.*, 890 F.2d 666, 668-69 (4th Cir. 1989) (courts

should assume IQ remains constant). The report's date is thus an insufficient basis to deem it irrelevant and, by extension, exclude it from the record. The ALJ accordingly erred by declining to admit and consider Dr. Ernst's report on this ground.

On remand, the ALJ shall reconsider the issue of the report's relevance and, if the report is admitted into the record, consider the report's merits in the first instance and either credit it or provide legally sufficient reasons to discount it.

### IV.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 24th day of August, 2021.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4