UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREA SMITH,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C20-1282-MLP<br><br>ORDER |

This matter comes before the Court on the Commissioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. # 27.) Plaintiff filed no response or opposition to the motion, but the Court nonetheless DENIES the Commissioner's motion.

The Court may reconsider and amend a judgment pursuant to Rule 59(e). However, this rule "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

ORDER - 1

clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In her Rule 59(e) motion, the Commissioner argues that the Court's decision contains two clear errors. (Dkt. # 27 at 1.) She first argues that the Court erred in failing to look to the substance of the excluded evidence to determine whether its exclusion caused harm, but also that the Court could not look to that evidence because it was not in the administrative record. (Dkt. # 27 at 3.) The Commissioner's acknowledgement that the Court properly declined to examine the substance of the excluded evidence undercuts her argument that the Court's order contains clear error. (*See id*.) The ALJ and counsel discussed that the excluded evidence pertained to neuropsychological testing addressing Plaintiff's baseline cognitive abilities at the hearing (*see* AR at 40-41), and thus, the Court could reference the excluded report (dkt. # 25 at 3) as pertaining to neurocognitive testing without substantively reviewing that evidence. The Commissioner has failed to establish that the Court's order was internally inconsistent or clearly erroneous on this basis.

The Commissioner next argues that the Court should have construed the ALJ's decision as relying on *res judicata* principles, even if the ALJ did not use that phrase. (Dkt. # 27 at 4-5.) The ALJ did reference administratively final decisions in the written decision (AR at 16), but his explanation of his evidentiary ruling at the hearing focused entirely on the timing of the report vis-à-vis Plaintiff's application date. *See id.* at 40-42. The Commissioner has not shown that the Court clearly erred in considering the ALJ's evidentiary ruling in the context of his oral explanation at the hearing.

//

//

ORDER - 2

For these reasons, the Court finds that the Commissioner has not shown she is entitled to relief under Rule 59(e) and her motion (dkt. # 27) is therefore DENIED.

Dated this 14th day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3